IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00700-PAB

TIMOTHY WARREN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on plaintiff Timothy Warren's complaint [Docket No. 3], filed on March 25, 2010. Plaintiff seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g), and the matter is ripe for disposition.[1]

**I. BACKGROUND**

Plaintiff filed for disability benefits on August 9, 2006 under the Act, alleging a disability onset date of September 15, 2003. Plaintiff's claim was initially denied. An

---

[1]Plaintiff requests oral argument, *see* Joint Case Management Plan [Docket No. 12] at 2, ¶ 9(A), but the Court concludes that the appeal can be resolved based on the parties' filings.

Administrative Law Judge ("ALJ") held a hearing on December 17, 2008, during which plaintiff amended his onset date to November 13, 2006. The ALJ denied plaintiff's claim for disability in a decision dated January 20, 2009.

The ALJ found that plaintiff had "the following severe impairments: obesity, degenerative disc disease of the lumbar spine, and bilateral knee pain." R. at 16 (citing 20 C.F.R. §§ 404.1521 *et seq.*, 416.921 *et seq.*). The ALJ determined that these impairments, alone or in combination, did not meet one of the listed impairments in the regulations. *See* R. at 17-18. The ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to

> occasionally lift and/or carry 10 pounds and frequently lift and/or carry less than 10 pounds; push/pull at the same level of lift or carry; sit for two hours at one time; stand and/or walk for 30 to 60 minutes at one time, occasionally climb ramps/stairs with no climbing of ladders/ropes/scaffolds; occasional balancing, stooping, kneeling, crouching, or crawling; occasional overhead reaching with both arms; no concentrated exposure to extreme cold or heat; no exposure to working with hazards (heights, machinery, etc.); be able to test and monitor blood sugar level and eat snacks as needed.

R. at 18.

Based upon these findings and the testimony of a vocational expert ("VE"), the ALJ found that plaintiff was "capable of performing his past relevant work as a call center supervisor," R. at 20, and, therefore, was not disabled during the relevant time period. *See* R. at 21. Plaintiff appealed that decision to the Appeals Council of the Social Security Administration, which declined review, making the ALJ's decision the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable

physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden

4

shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. The ALJ's Decision

Plaintiff argues that the ALJ erred when he rejected the medical opinion of plaintiff's treating physician and, instead, gave significant weight to the opinion of a consulting physician who examined plaintiff once. Plaintiff also contends that the ALJ did not properly assess plaintiff's credibility.

#### 1. Medical Opinions

The Commissioner must "always consider the medical opinions in [a claimant's] case record" and "make findings about what the evidence shows." 20 C.F.R. § 416.927(b)-(c). Explaining how an ALJ will weigh medical opinions, subsection 416.927(d) lists the following factors to be considered: examining relationship, treatment relationship, supportability, consistency with the record as a whole, and specialization. A treating source may be given controlling weight among the medical evidence in a claimant's case record under certain circumstances. *Id.* at § 416.927(d)(2). Whether a treating source is given controlling weight or not, the regulation guarantees that the Commissioner "will always give good reasons in our

5

notice of determination or decision for the weight we give your treating source's opinion." *Id.* In short, 20 C.F.R. § 416.927 makes clear that in every case involving supplemental security income benefits the Commissioner will weigh all medical opinion evidence and set forth the reasons why a particular weight was assigned to treating sources and other medical sources. Failure to follow this rule by not providing adequate reasons for an ALJ's decision constitutes reversible error. *See Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988).

The Court finds that the ALJ adequately stated his reasons for giving the opinion of Dr. Rebecca Jackson, plaintiff's treating physician, no weight. Dr. Jackson filled out a form entitled "Medical Assessment of Ability to do Work-Related Activities (Physical)" on December 4, 2008. *See* R. at 222. In the form, Dr. Jackson checked boxes indicating the extent to which plaintiff was able to do certain physical tasks. In an attached letter, Dr. Jackson indicated that the answers supplied in the form were based upon plaintiff's "report, with some personal notations included." R. at 227. Each section of the form asked that the doctor "identify the medical findings that support this assessment (unless a narrative report is attached)." *See, e.g.*, R. at 222. In regard to plaintiff's ability to sit, stand, and walk, to lift and carry, and to use his hands, Dr. Jackson cited no medical findings. *See* R. at 222-223. In the section for postural limitations, Dr. Jackson wrote that plaintiff "has difficulty performing simple tasks such as stepping up to [the] examination table." R. at 224. As for plaintiff's ability to complete tasks such as "shopping and banking," traveling, and preparing food, Dr. Jackson indicated that plaintiff's ability is dependent on his level of back pain. *See* R.

at 225. She then added that, due to arthritis, use of his knees was "extremely difficult/impossible." R. at 225. Dr. Jackson further noted that plaintiff could not sit for more than one hour "due to numbness in his legs"[2] and could not stand for more than fifteen minutes because it would result in numbness, cramps, and muscle spasms.

The Court does not find that the few notations made by Dr. Jackson call into question the ALJ's determination that the conclusions noted in the form, as indicated by Dr. Jackson herself, were per plaintiff's report. Indeed, other than the observation regarding stepping up on the examination table and the reference to the arthritis diagnosis, it appears that the notations were also reported by plaintiff. In short, there is a reasonable basis to conclude that the form does not reflect a supported medical opinion of Dr. Jackson, but rather functions as a subjective report of impairment by plaintiff which was supplemented by Dr. Jackson's opinion that the request for disability was "reasonable." R. at 227. The ALJ, in so concluding, "articulate[d] specific, legitimate reasons for his decision" to reject Dr. Jackson's opinion. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).

The Court further finds that the ALJ's decision to give great weight to the opinion of Dr. Denzel, who conducted an evaluative exam of plaintiff on November 13, 2006, is supported by the record as a whole. Dr. Denzel opined that plaintiff "is restricted from sitting, standing or walking for more than an hour at a time without frequent rest"; "should also be restricted from repetitive bending, stooping, squatting, climbing and

---

[2]Earlier in the form, Dr. Jackson indicated that plaintiff could sit for two hours at a time without interruption. *See* R. at 223. On December 17, 2008, plaintiff testified that he could sit for two hours at a time. *See* R. at 41-42.

crawling, as well as lifting more than 30 pounds" and "[p]ushing [and] pulling more than 50 pounds"; and "should also avoid overhead work and spinal twisting." R. at 220. Dr. Denzel concluded that plaintiff "has significant objective physical findings to support the[se] . . . restrictions." R. at 220. Plaintiff points out that Dr. Denzel noted that he "was not authorized any x-rays which would make it easier to assess restrictions," R. at 220, and that an x-ray taken around the same time "showed moderate to severe multilateral degenerative disc disease in the lumbar spine." Docket No. 16 at 20-21. The ALJ cited the x-ray findings, see R. at 16, and the Court concludes that the absence of the lumbar spine x-rays does not undermine the ALJ's reliance upon Dr. Denzel's opinion, which was based upon "objective physical findings" and included, even in the absence of the x-rays, the finding that plaintiff's lumbar spine "showed significant and consistent range of motion abnormalities." R. at 220.

### 2. Credibility Assessment

In regard to plaintiff's credibility, the ALJ concluded that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Docket No. 16 at 21. Plaintiff argues that the ALJ failed to "provide specific reasons" for reaching this conclusion. The Court disagrees.

The ALJ's decision reflects a consideration of "all of the available evidence." 20 C.F.R. § 404.1529(c)(1). He appropriately considered "whether there [we]re any inconsistencies in the evidence and the extent to which there [we]re any conflicts

8

between [Mr. Warren's] statements and the rest of the evidence, including [his] history, the signs and laboratory findings, and statements by [his] treating or nontreating source or other persons about how [his] symptoms affect[ed him]." 20 C.F.R. § 404.1529(c)(4). The ALJ found plaintiff to be "partially credible" regarding the extent of his limitations. That conclusion was based upon a review of the medical evidence and an evaluation of his "daily activities." 20 C.F.R. § 404.1529(c)(1) & (3)(i).

For example, the ALJ reviewed plaintiff's assertions regarding his capabilities, but noted that plaintiff had never had any operations on his back or knees and wears no brace or support for his back and only sometimes wears a knee brace. The ALJ also noted that plaintiff had not taken all of the medical advice he had been given concerning ways to lessen his symptoms. The ALJ also considered the nature and extent of plaintiff's daily activities.[3] Plaintiff, in fact, does not point to any specific error by the ALJ in this regard. Rather, he points out that "a longitudinal medical record which demonstrates a claimant's attempts to seek medical treatment for pain and other symptoms and to follow prescribed treatment lends support to claimant's allegations of pain for the purposes of judging his credibility." Docket No. 16 at 22. The ALJ considered such factors, finding plaintiff partially credible in light of his medical record,

---

[3]During a November 13, 2007 medical visit, plaintiff reported weight loss resulting from "increased activity" and that, "[e]ven though he has problems with arthritis in his knees and chronic back pain, he has continued to walk." R. at 249. By the time of the hearing, plaintiff acknowledged that he used to walk in an attempt to lose weight, but could no longer do so. In regard to sitting, plaintiff reported on August 9, 2006 that he was unable to sit or stand for any length of time. *See* R. at 147. At the December 2008 hearing, plaintiff reported significant improvement in that regard, testifying that he was able to sit for two hours at a time. *See* R. at 41-42. After sitting for two hours, plaintiff reported that he has to get up and "walk around" and lie down to "take the pressure off." R. at 42.

but also noting plaintiff's failure to consistently "follow prescribed treatment." The ALJ's credibility determination is adequately supported by the record, and the Court is not free, as plaintiff's argument invites, to "reweigh the evidence." *Flaherty*, 515 F.3d at 1070.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that the Commissioner's finding that the plaintiff is not disabled under the Act is supported by substantial evidence. Accordingly it is

**ORDERED** that the decision by the Commissioner that the plaintiff is not disabled is AFFIRMED. Judgment shall enter in favor of the Commissioner and against plaintiff.

DATED September 14, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge